Jeffrey T. STRAUSS, derivatively on behalf of GSI Commerce, Inc., Plaintiff–Appellant,

v.

COMCAST CORPORATION, Comcast Holdings Corporation, Comcast Programming Holdings, Inc., Comcast QVC, Inc., Comcast QVC Holdings III, Inc., Comcast QVC Holdings IV, Inc., Comcast QVC Holdings V, Inc., Comcast QVC Holdings VI, Inc. and GSI Commerce, Inc., Defendants–Appellees.

Docket No. 04–4699.

United States Court of Appeals, Second Circuit.

Aug. 23, 2005.

Glenn F. Ostrager, Ostrager, Chong, Flaherty & Broitman, P.C., (Bragar, Wexler, Eagel, & Morgenstern, P.C., on the brief), New York, NY, for Appellant.

Sheron Korpus, James T. Cain, White & Case LLP, New York, NY, for Appellees.

Present: POOLER, SOTOMAYOR, Circuit Judges, and KORMAN, District Judge.*

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Jeffrey T. Strauss, derivatively on behalf of GSI Commerce, Inc. ("GSI"), appeals from the August 17, 2004, order of the United States District Court for the Southern District of New York (Buchwald, *J.*) dismissing his com-

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

plaint, which requested disgorgement of short-swing profits under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), for failure to state a claim.

We review the district court's dismissal of a complaint for failure to state a claim de novo. *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir.2004). Dismissal is "appropriate only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Section 16(b) "requires disgorgement to the company of any profit derived from the matching of any purchase and any sale of an 'equity security' ... within a six-month period by a statutory insider...." *Gwozdzinsky v. Zell/Chilmark Fund, L.P.*, 156 F.3d 305, 308 (2d Cir.1998); *see also* 15 U.S.C. § 78p(b). "Suits can be maintained either by the company or derivatively by a shareholder." *Gwozdzinsky*, 156 F.3d at 308. To prove Section 16(b) liability, a plaintiff must establish that, within a six-month period, a statutory insider (i.e., a shareholder who owns more than ten percent of the issuer's securities) made a purchase of securities that can be matched to a subsequent sale of securities. *See id.; Feder v. Frost*, 220 F.3d 29, 32 (2d Cir.2000).

The district court's dismissal of appellant's complaint was proper. This case does not fall within the purview of Section 16(b) because the issuer of the securities purchased is substantially separate from the issuer of the securities sold. *See American Standard, Inc. v. Crane Co.*, 510 F.2d 1043, 1058–59 (2d Cir.1974) (finding that Section 16(b) does not apply when the issuer of the securities purchased is distinct from the issuer of the securities sold). Therefore, the complaint fails to allege a "purchase" of securities that can be matched to the "sale" of securities for purposes of Section 16(b).

According to the complaint, Interactive Technology Holdings, LLC ("IT"), which is controlled by appellees (statutory insiders), purchased securities issued by GSI Commerce, Inc. ("GSI"). Within six months of its purchase of GSI securities, appellees sold their majority interest in QVC, Inc. ("QVC"). Appellant argues that, by selling *QVC securities*, appellees were essentially selling *GSI securities* because QVC, through a wholly owned subsidiary, is a managing member of, and had a 70% profit interest in, IT, which owns GSI securities. The relationship between the issuer of the securities bought (GSI) and the issuer of the securities sold (QVC) is far too tenuous to bring us within the purview of Section 16(b). *See American Standard*, 510 F.2d at 1058–59. We have considered all of appellant's remaining arguments and find them to be without merit.

Based on the foregoing, the judgment of the district court is AFFIRMED.